T.C. Memo. 2009-101

UNITED STATES TAX COURT

LAWRENCE EVERETTE HILL AND JESSIE HILL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12118-07.                    Filed May 18, 2009.

Lawrence Everette Hill and Jessie Hill, pro se.

<u>Noelle C. White</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency of $456 in

petitioners'[1] 2004 Federal income tax.  The issue for decision is

whether petitioner must recognize cancellation of indebtedness

---

[1]Ms. Hill is a party to this action because she filed a
joint return for the year at issue with Mr. Hill.  References to
petitioner are to Mr. Hill.

(COI) income under section 61(a)(12)[2] of $4,156.  For the reasons stated herein, we find that petitioner must recognize the COI income.

## FINDINGS OF FACT

Petitioner resided in Maryland at the time of filing the petition.

On December 4, 1987, petitioner applied for and received a credit card from Provident Bank (Provident).  Petitioner used the credit card but did not make the required payments.  On March 27, 1991, Provident obtained a judgment of $1,840 plus interest against petitioner in Maryland State court.

Petitioner filed for bankruptcy shortly thereafter.  On October 28, 1991, the U.S. Bankruptcy Court for the District of Maryland issued an order confirming petitioner's installment plan.  The installment plan required petitioner to make payments of $175 a month for 60 months.  Petitioner did not make the required payments, and on July 22, 1996, an order was issued dismissing petitioner's bankruptcy case for material default.

Provident maintained records of petitioner's debt and sent annual letters informing petitioner of his account balance.  In 2004 Provident forgave petitioner's debt.  Provident issued a Form 1099-C, Cancellation of Debt, to petitioner which reported

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

$4,156 in income due to cancellation of debt in 2004. Petitioner filed a joint Form 1040, U.S. Individual Income Tax Return, for 2004 but did not include the $4,156 in gross income.

On February 20, 2007, respondent issued a notice of deficiency (the notice) to petitioner for 2004. Respondent determined in the notice that petitioner was required to include $13 of dividend income and $4,156 of COI in gross income. On May 29, 2007, petitioner timely petitioned this Court for a redetermination of his tax liability. Petitioner concedes the receipt of $13 of dividend income that was not included in gross income.

OPINION

In general, the Commissioner's determination as set forth in a notice of deficiency is presumed correct, and the burden of proof is on the taxpayer to prove otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, under certain circumstances the burden shifts where a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the income tax liability of the taxpayer. Sec. 7491(a)(1). Petitioner does not claim that the burden of proof shifts to respondent under section 7491(a). In any event, petitioner has failed to establish that he has satisfied the requirements of section 7491(a)(1) and (2).

Accordingly, the burden of proof does not shift to respondent under section 7491(a).

Section 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return such as a Form 1099 filed by a third party and the taxpayer has fully cooperated with the Internal Revenue Service, the Commissioner has the burden of producing reasonable and probative information concerning the deficiency in addition to information on the return itself.

Petitioner disputes the information on the Form 1099-C Provident issued and argues that his debt was discharged in bankruptcy. However, the record shows that petitioner's bankruptcy case was dismissed because he did not meet the obligations of the bankruptcy plan. Petitioner has not asserted a reasonable dispute with respect to the COI income on the Form 1099-C. Accordingly, section 6201(d) does not shift the burden to respondent.

Generally, a taxpayer must include income from the discharge of indebtedness. Sec. 61(a)(12); sec. 1.61-12(a), Income Tax Regs. Caselaw indicates that where indebtedness from a credit card account is being discharged, the amount of income as a result of the discharge equals the difference between the amount due on the obligation and the amount paid for the discharge, or if no consideration is paid for the discharge, then the entire

amount of the debt is considered the amount of income that the debtor must include in income. See, e.g., <u>Cronin v. Commissioner</u>, T.C. Memo. 1999-22.

There are exceptions to this general rule. Section 108(a) provides in relevant part that a taxpayer may exclude income from the discharge of indebtedness if the discharge occurs in a bankruptcy case or when the taxpayer is insolvent.

Petitioner has not shown that he qualifies for any of the exceptions in section 108(a). Petitioner does not dispute the amount of his debt to Provident or the amount of interest accrued thereon, only that it was dealt with in his bankruptcy case. As discussed above, petitioner's debt to Provident was not discharged in bankruptcy. Petitioner defaulted on his payment plan, his bankruptcy case was dismissed, and his original debts were restored.

Section 108(a)(1)(B) provides that gross income does not include any amount which would be includable in income because of the discharge of indebtedness if the discharge occurs when the taxpayer is insolvent. Section 108(d)(3) provides that a taxpayer is insolvent if his liabilities exceed the fair market value of his assets. See <u>Tabrezi v. Commissioner</u>, T.C. Memo. 2006-61; <u>Bressi v. Commissioner</u>, T.C. Memo. 1991-651, affd. without published opinion 989 F.2d 486 (3d Cir. 1993).

Petitioner has not shown that he was insolvent in 2004 when Provident forgave his debt. Petitioner did not produce any evidence showing that his liabilities exceeded the fair market value of his assets and has failed to meet his burden of proving his insolvency at the time his debt was forgiven.

Because Provident forgave petitioner's debt and because petitioner has not shown that he qualifies for any of the exceptions in section 108(a), petitioner is required to include the COI income in gross income.

Accordingly,

<u>Decision will be entered</u>
<u>for respondent</u>.