T.C. Summary Opinion 2012-110

UNITED STATES TAX COURT

THOMAS TRAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24839-10S.　　　　　　　　　Filed November 6, 2012.

Thomas Tran, pro se.

<u>Kristin M. Timmons</u> and <u>Melissa J. Hedtke</u>, for respondent.

SUMMARY OPINION

SWIFT, <u>Judge</u>:　This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,150 in petitioner's 2008 Federal income tax. The issue for decision is whether fees petitioner paid to a debt resolution company for successfully obtaining a reduction or discharge in his credit card debt may be used to offset the related cancellation of indebtedness income (COI) petitioner realized. Alternatively, petitioner seeks a miscellaneous itemized deduction for the fees under section 212(1).

The facts have been agreed to, and the parties submit to us the above issue as a legal question.

## Background

At the time the petition was filed, petitioner resided in Minnesota.

Petitioner maintained credit cards issued by U.S. Bank and Wells Fargo Bank (Wells Fargo). In 2007 petitioner contacted a debt resolution company to obtain for him a discharge of or a reduction in his credit card debt.

In 2008 the debt resolution company was successful in negotiating settlements with U.S. Bank and with Wells Fargo under which U.S. Bank agreed to write off or discharge $2,798 and Wells Fargo agreed to write off or discharge $3,955 from the respective balances of petitioner's credit card debt.

Petitioner paid the debt resolution company $2,343 for its services on his behalf.

U.S. Bank and Wells Fargo each mailed to respondent for 2008 a Form 1099-C, Cancellation of Debt, and reported the discharged $2,798 and $3,955, respectively, as COI.

Petitioner timely filed his 2008 Federal income tax return, but he failed to report thereon any of the $6,753 COI income he realized upon the above debt discharges by the credit card companies.[2] On audit respondent increased petitioner's taxable income by the $6,753 COI, and respondent did not allow petitioner either an offset or a section 212 miscellaneous itemized deduction for the $2,343 he paid to the debt resolution company.

## Discussion

In general, the Commissioner's determination in a notice of deficiency is presumed correct, and the burden of proof is on the taxpayer to prove otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under certain circumstances the burden of proof may shift to the Commissioner; however, in this case petitioner does not seek a shift in the burden of proof. See sec. 7491(a)(1).

---

[2]The sum of $2,798 plus $3,955 is $6,753.

Generally, taxpayers are required to include COI in gross income, sec. 61(a)(12); Hill v. Commissioner, T.C. Memo. 2009-101, and section 61(a)(12) specifically includes income from discharge of indebtedness.

Specific statutory exclusions or offsets from gross income are provided in sections 101 through 140. Of these only section 108 could possibly apply in this case. Section 108 excludes from gross income COI in certain circumstances such as insolvency of the taxpayer. No evidence before us establishes petitioner's insolvency, and as indicated, the parties have stipulated that the sole issue before us is the legal issue described above.

The fees before us were paid to a third-party debt resolution company and would not qualify to be treated as some type of merchant or company discount.

We conclude that the $2,343 petitioner paid to the debt resolution company is not allowable as an exclusion from or offset to the $6,753 COI petitioner realized in 2008.

In the alternative petitioner argues that the $2,343 paid to the debt resolution company should be allowed as a miscellaneous itemized deduction under section 212(1). Thereunder, a deduction is allowed for ordinary and necessary expenses paid by a taxpayer during the year for the production or collection of income, subject to the 2% floor of section 67(a) (and possible

application of the alternative minimum tax under which miscellaneous itemized deductions are not allowed.  Sec. 56(b)(1)(A)(i)).  See Kenton v. Commissioner, T.C. Memo. 2006-13.

As authority in this case for not allowing a miscellaneous itemized deduction for the $2,343 respondent erroneously relies on Melvin v. Commissioner, T.C. Memo. 2009-199.  However, in that case we simply noted in a footnote that the taxpayer therein conceded any claim to a deduction under section 212(1) for fees paid to a debt resolution company because of application to the taxpayer of the alternative minimum tax.  Melvin provides no support for respondent's position herein that fees paid to a debt resolution company, as a matter of law, may not be deducted under section 212(1).

Herein, it is agreed that the fees in issue were incurred and paid for the specific purpose of obtaining discharges of credit card debt (i.e., for the purpose of realizing COI).  There is no indication that the $2,343 of fees was excessive in amount, out of the ordinary, or not necessary.  See sec. 1.212-1, Income Tax Regs. Indeed the fees were well spent by petitioner--resulting in a $6,753 reduction in his credit card debt.

Petitioner realized the $6,753 COI income because of the services and efforts of the debt resolution company.  The $2,343 paid to the debt resolution company

was directly related to the services provided and to petitioner's COI. Without the fees paid to and the services provided by the debt resolution company petitioner likely would have realized no COI. We conclude that petitioner is allowed a miscellaneous itemized deduction under section 212(1) for the $2,343 she paid to the debt resolution company, subject to the 2% floor applicable to miscellaneous itemized deductions and any applicable alternative minimum tax.[3]

 To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[3]In his posttrial brief respondent suggests that petitioner has not substantiated that the fees paid to the debt resolution company were paid in 2008. However, at the hearing held on April 12, 2012, respondent conceded that the fees were paid by petitioner, and respondent and petitioner stipulated that the only remaining issue was the legal issue described above. Respondent's attempt to raise on brief a fact issue relating to whether petitioner paid the fees in 2008 is rejected.